UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEMETRIC RASHORD GARNER                         CIVIL ACTION

VERSUS

EAST BATON ROUGE DISTRICT                       NO. 23-01650-BAJ-EWD
ATTORNEY'S OFFICE, ET AL.

## RULING AND ORDER

Plaintiff Demetric Rashord Garner, proceeding *pro se*, still has not served Defendants, despite being granted additional time to do so. For this reason, and under Federal Rules of Civil Procedure 4(m) and 41(b), along with Local Civil Rule 41(b)(1)(A), Plaintiff's claims shall be dismissed without prejudice.[1]

### I. BACKGROUND

Plaintiff filed his original Complaint in the U.S. District Court for the Eastern District of Louisiana on November 27, 2023, alleging that he was wrongfully arrested in November 2022. (Doc. 1). Plaintiff brings civil rights claims under 28 U.S.C. § 1983 against Defendants East Baton Rouge District Attorney's Office, Baton Rouge Police Department, District Attorney Hillar C. Moore, III, Hon. Tiffany Foxworth-Roberts, and Detective Jason Robinson. (*Id.*). The case was transferred to this Court on December 6, 2023. (Doc. 4). Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and the Clerk of Court issued summonses on December 21, 2023. (Doc. 6). Plaintiff was ordered to provide the United States Marshals Service with a

---

[1] *See* Fed. R. Civ. P. 4(m) (permitting *sua sponte* dismissal for lack of prosecution); *see also Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)).

completed U.S. Marshal Form 285 for each Defendant to be served, and a copy of the Form 285 was attached to the Order (Docs. 5, 5-1).

On March 13, 2024, because Plaintiff had still failed to serve Defendants, Plaintiff was ordered to show cause in writing for why his claims should not be dismissed. (Doc. 8). Defendant was to explain why he did not timely serve Defendants or provide proof that the required U.S. Marshal Form 285 was sent to the U.S. Marshals Service for each Defendant. (*Id.*). Plaintiff's show cause response was due on April 5, 2024, and Plaintiff was notified that failure to comply with the Court's Show Cause Order could result in dismissal of his suit without further notice. (*Id.*).

On March 13, 2024, Plaintiff moved for the Court to continue the scheduling conference set for March 14, 2024, so that he could retain counsel. (Doc. 9). Because Plaintiff is proceeding *pro se*, the Court considered the motion to be a request for more time to respond to the Show Cause Order. (Doc. 10). The Court granted Plaintiff's motion, and extended the deadline to respond to the Show Cause Order to May 6, 2024, with the idea that Plaintiff would use that extra time to retain an attorney. (*Id.*).

On May 7, 2024, Plaintiff moved to continue the show cause "hearing." (Doc. 11). The Court considered this motion to be a request to continue the show cause deadline. (Doc. 12). Plaintiff's request was again based on needing additional time to hire an attorney. (Doc. 11). The motion was granted for good cause and the deadline for Plaintiff to respond to the Show Cause Order was extended to June 14, 2024. (Doc. 12). However, the Order noted that "given that this case was filed almost six (6)

months ago and that Garner can represent himself if he is unable to find counsel, further extensions of time to respond to the Show Cause Order will not be granted absent exceptional circumstances." (*Id.* at pp. 1-2). The Court again warned that Plaintiff's failure to timely comply with its orders could result in dismissal of his suit without further notice. (*Id.* at p. 2). To date, Plaintiff has not complied with the Show Cause Order.

## II. LAW AND ANALYSIS

### A. Plaintiff Has Failed to Serve Defendants as Ordered and Has Failed to Prosecute His Claims

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Furthermore, Federal Rule of Civil Procedure 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[2] Finally, Local Civil Rule 41(b) provides:

> (1) A civil action may be dismissed by the Court for lack of prosecution as follows:

---

[2] *See Boudwin*, 756 F.2d at 401.

> (A) Where no service of process has been made within 90 days after filing of the complaint...
>
> (2) Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action.

Plaintiff was given two extensions of time to respond to the Court's March 13 Show Cause Order. (Docs. 10, 12). Based on the last extension, Plaintiff had until June 14, 2024, to response to the Show Cause Order. (Doc. 12). He has not done so. At this time there is no evidence that Defendants have been served, nor has any Defendant made an appearance.[3]

Plaintiff has had time to serve Defendants, and has failed to do so. Plaintiff has had time to respond to the Show Cause Order, and has failed to do so. Plaintiff's failure to comply with the Court's Order and failure to prosecute his claims, which have now been pending for over nine (9) months, warrant dismissal.[4]

## III. ORDER

Accordingly,

---

[3] The docket also shows that the Court's May 13 and March 19 Orders were sent to Plaintiff by certified United States Postal Service ("USPS") mail, and could not be delivered and were returned as unclaimed. (Docs. 13, 14). Both Orders were also sent to Plaintiff by regular USPS mail. Plaintiff's failure to keep the Court apprised of his current address violates Local Civil Rule 41(b)(4).

[4] *See Boudwin,* 756 F.2d at 401; *see Davis v. Cnty. of Dallas,* No. 19-1494, 2020 WL 1259143, at *2 (N.D. Tex. Feb. 18, 2020), *report and recommendation adopted,* No. 19-1494, 2020 WL 1249636 (N.D. Tex. Mar. 13, 2020) (dismissing the *pro se* plaintiff's case without prejudice due to plaintiff's failure to timely serve summonses and copies of his complaint on the defendants as required).

4

**IT IS ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41(b)(1)(A), the above-captioned action be and is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, on Plaintiff's motion filed within thirty (30) days, and upon a showing of good cause, the Court may consider reinstatement of Plaintiff's action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Ruling and Order to Plaintiff Demetric Rashord Garner by regular and certified mail, return receipt requested to the address on PACER.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 4th day of September, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**